UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

Case No. 95-48268

MTG, Inc.,
                           Debtor            Chapter 7
_____/

                                             Judge Thomas J. Tucker
GUY C. VINING,

                Plaintiff(s),

vs.                                          Adv. Pro. No. 03-4950

COMERICA BANK, et al.,

_____Defendant(s)._____/

**SUPPLEMENT TO OPINION REGARDING PLAINTIFF'S MOTIONS
FOR TURNOVER OF ESTATE DOCUMENTS, ENFORCEMENT OF THE
AUTOMATIC STAY, AND FOR SANCTIONS**

This supplements the Court's written opinion filed today, entitled "Opinion Regarding

Plaintiff's Motions for Turnover of Estate Documents, Enforcement of the Automatic Stay, and

for Sanctions." The Court attaches the following: (1) excerpts from the transcript of this Court's

July 30, 2009 bench opinion given in the case of *Lewis v. Negri Bossi* (*In re Mathson Industries,*

*Inc.*), Adv. No. 09-4639, which is cited in footnotes 8 and 9 of the Court's opinion in this case;

and (2) a transcript of this Court's February 3, 2006 bench opinion given in the case of *Deluxe*

*Pattern Corp. v. Winget (In re Deluxe Pattern Corp.*), Adv. No. 04-4578, which is cited in

footnote 9 of the Court's opinion in this case.

**Signed on April 15, 2011**               **/s/ Thomas J. Tucker**
                                           **Thomas J. Tucker**
                                           **United States Bankruptcy Judge**

1                 UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF MICHIGAN
2                   SOUTHERN DIVISION

3 WENDY TURNER LEWIS,           Adversary No. 09-4639
                            Detroit, Michigan
4      Plaintiff,            July 30, 2009
                            4:10 p.m.
5         v

6 NEGRI BOSSI USA, INC.,

7      Defendant.
_____/
8
   IN RE: BENCH OPINION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT
9          BEFORE THE HONORABLE THOMAS J. TUCKER
           TRANSCRIPT ORDERED BY: <u>ANISSA HUDY, ESQ.</u>
10
APPEARANCES:
11
For the Plaintiff:         HOWARD SHER, ESQ. (P38337)
12                           Jacob & Weingarten
                          2301 W. Big Beaver Road
13                           Suite 777
                          Troy, MI 48084
14                           248-649-1900

15                           WENDY TURNER LEWIS, ESQ.
                          (P39505)
16                           Chapter 7 Trustee
                          Eastern District of Michigan
17                           456 E. Milwaukee Street
                          Detroit, MI 48202
18                           313-875-5555

19 For the Defendant:         ANISSA HUDY, ESQ. (P57923)
                          Warner, Norcross & Judd
20                           2000 Town Center
                          Suite 2700
21                           Southfield, MI 48075
                          248-784-5133
22
Court Recorder:           Kathleen Wiacek
23
Transcriber:             Deborah Kremlick
24
Proceedings recorded by electronic sound recording, transcript
25 produced by transcription service.

1          (Court in Session)

2          THE CLERK:  Please rise.  This Court is back in

3   session.  You may be seated.  The Court will call the matter

4   of Wendy Turner Lewis versus Negri Bossi USA, 09-4639.

5          THE COURT:  All right.  Good afternoon.  Let's have

6   appearances for the record, please.

7          MS. HUDY:  Good afternoon, Your Honor.  Anissa Hudy

8   on behalf of Negri Bossi.

9          MR. SHER:  Good afternoon, Your Honor.  Howard Sher

10  on behalf of Wendy Turner Lewis.

11         MS. LEWIS:  Your Honor, for the record, Wendy Lewis.

12         THE COURT:  All right.  Good afternoon.  One moment,

13  please.

14      All right.  Good afternoon.  The first order of business

15  this afternoon of course is for the Court to give its bench

16  opinion and ruling on the cross motions for summary judgment

17  filed by the parties in this adversary proceeding.

18      The plaintiff trustee, the defendant Negri Bossi, USA,

19  Inc. which I'll refer to in this bench opinion as Negri Bossi

20  or defendant, each filed motions for summary judgment in this

21  adversary proceeding.  The Court heard -- held oral argument

22  and heard the motions on July 22, 2009 and at that time took

23  the motions under advisement.

24      After that occurred as the parties know, the United

25  States District Court denied earlier this week, I think it was

1  by this section shall recover actual damages including costs

2  and attorney fees and in appropriate circumstances may recover

3  punitive damages."

4      As I have held in prior cases, individual as used in that

5  section means a human being and not a non-human person or not

6  a non-human entity.  Now the trustee of course is a human

7  being, but the trustee is not bringing this adversary

8  proceeding and seeking damages and claiming a violation of the

9  stay in her individual capacity, that is in her capacity as a

10  human being, a person, but rather as -- on behalf of the

11  bankruptcy estate which is not a human being.

12      That -- and in my view then essentially it's the estate,

13  the bankruptcy estate that is seeking damages for violation of

14  the automatic stay since that estate is not an individual

15  under Section 362(k)(1), that section does not apply to

16  authorize damages or monetary relief of any kind in favor of

17  the estate against Negri Bossi here for violation of the

18  automatic stay.

19      There is a split among the federal circuits on this issue

20  I would note.  And I would cite one case, the case of In Re:

21  Spooky World, Inc., Spooky World, Inc. v Town of Berlin, 346 F

22  3d 1, a decision of the U.S. Court of Appeals for the 1st

23  Circuit from 2003.

24      At Pages 7 to 8 of its decision in that case, and that's

25  a decision of the 1st Circuit as I said, the Court -- the Court

1 | of Appeals holds that a corporation is not an individual

2 | within the meaning of Section 362(h) is what it was at that

3 | time, it's now (k)(1).

4 |     Noted that there are -- there's a split among the

5 | circuits.  Four circuits held that the corporation is not an

6 | individual under that section and the two held that it is.

7 | The 1st Circuit sided with the majority rule and said that the

8 | corporation is not an individual.

9 |     Implication of the case clearly is that individual there

10 | means human being.  And I agree with that.  The Court went on

11 | to hold, however, at Page 8 that a corporation, even though

12 | 362(h), now 362(k)(1) does not apply, is not without remedy

13 | for violations of the automatic stay and says that under

14 | Section 105(a) and its provision that the Court may issue any

15 | order, process, or judgment that's necessary or appropriate to

16 | carry out the provisions of this title, Courts may award

17 | damages, a discretionary relief, but damages under Section

18 | 105(a) for violations of the automatic stay.  I agree with

19 | that proposition as well.

20 |     And so there is authority here in this Court to award

21 | damages for the violation of the automatic stay that I have

22 | found that have been made by Negri Bossi.  But it's under

23 | Section 105(a) and Section 362(k)(1) will not apply.  And I

24 | wanted to make that clear for future reference in this case

25 | and that is my ruling on that issue.

<pre>
 1               UNITED STATES BANKRUPTCY COURT
                 EASTERN DISTRICT OF MICHIGAN
 2                     SOUTHERN DIVISION

 3   IN THE MATTER OF,          Case No. 04-54977
                                Detroit, Michigan
 4   DELUXE PATTERN CORPORATION February 3, 2006
     _____/  11:03 a.m.
 5
     DELUXE PATTERN CORPORATION, Adversary No. 04-4578
 6   et al,

 7        Plaintiffs,

 8            v

 9   LARRY WINGET, et al,

10        Defendants.
     _____/
11
                       OPINION OF COURT
12       BEFORE THE HONORABLE THOMAS J. TUCKER
         TRANSCRIPT ORDERED BY: DEBORAH FISH, ESQ.
13
     APPEARANCES:
14
     For Deluxe Pattern:        PETER ROBERTS, ESQ.
15   (By Phone):                Shaw, Gussis
                                321 N. Clark Street
16                              Suite 800
                                Chicago, IL 60610
17                              312-276-1333

18   For Larry Winget:          JOSEPH DAVIS, III, ESQ.
     (By Phone):                Greenberg, Traurig, LLP
19                              One International Plaza
                                Boston, MA  02110
20                              617-310-6204

21                              RALPH MCKEE, ESQ. (P39484)
                                DEBORAH FISH, ESQ. (P36580)
22                              535 Griswold
                                2600 Buhl Building
23                              Detroit, MI 48226
                                313-961-6141
24

25
</pre>

1   Court Recorder:              Shelley Grasel

2   Transcriber:                Deborah Kremlick

3

4

5

6

7

8
    Proceedings recorded by electronic sound recording, transcript
9   produced by transcription service.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1        (Court in Session)

 2              THE CLERK:  This Court is in session.  The Honorable

 3   Thomas J. Tucker presiding.  Deluxe Pattern Corporation,

 4   04-54977, adversary 04-4578.

 5              THE COURT:  All right.  Good morning.  Let's have

 6   appearances for the record, please.  Do we have someone on the

 7   telephone?

 8              MR. ROBERTS:  Good morning, Your Honor.  This is

 9   Peter Roberts for the Deluxe debtors.

10              MR. DAVIS:  Good morning, Your Honor.  This is Jody

11   Davis for the -- for Mr. Winget.

12              THE COURT:  And in the courtroom.

13              MR. MCKEE:  Your Honor, Ralph McKee and Deb Fish,

14   Allard and Fish appearing on behalf of Mr. Winget.  Your

15   Honor, we believe it's necessary to make a very brief point on

16   the debtors' motion filed Wednesday.

17         We believe that that motion was an inappropriate attempt

18   to influence today's ruling.  We trust that the Court was not

19   so influenced, but the Court should know it's our position

20   that there was no stay violation.  Winget's counter claim in

21   that suit is limited to a purely defensive offset against the

22   lender's claim.  It seeks no affirmative recovery, so

23   VanDresser doesn't apply and there is 6th Circuit authority

24   specifically authorizing this kind of a defense of claim by a

25   guarantor against a lender.
```

1    We thought that the Court ought to know the essence of

2  our position on that matter and it will be briefed in due

3  course.   Thank you.

4        THE COURT:   Thank you.   I'm not going to hear any

5  more about that motion and I -- while I did review the motion

6  as -- in connection with my deciding whether to grant or deny

7  the motion for expedited hearing that was filed with the

8  motion, I have not considered the motion or the fact of the

9  filing of the motion in my making my decision on the matter

10  before us today and while I don't think it has influenced me

11  subconsciously, who knows, I hope not.

12    I don't view that motion or its allegations, however, as

13  relevant to the ruling that I'm going to make today or the

14  bench opinion I'm going to deliver or the reasons for my

15  ruling.

16    All right.   Thank you.   We are here today for further

17  hearing, further proceedings on the defendants' motion for

18  judgment on the pleadings.

19    The Court of course heard the motion initially on

20  November 16, 2005 and at the conclusion of that hearing the

21  Court delivered a bench opinion and made a ruling granting in

22  part the motion and denying in part the motion.   The rulings

23  were reflected in the order that was ultimately filed on

24  January 25, 2006.   As reflected in that January 25 order, the

25  Court deferred ruling on that portion of the motion for

1   judgment on the pleadings arguing -- in which the defendants

2   argued that the -- this Court has no authority under

3   Bankruptcy Code Section 105(a) or otherwise to award punitive

4   damages against the defendants for any violation of the

5   automatic stay.

6       As reflected in the Court's -- Paragraph 4 of the Court's

7   January 25 order, the Court ordered further briefing on the

8   punitive damages issues which was done and then held a further

9   hearing on that -- those issues on January 25, 2006 and took

10  the -- the punitive damages issue under advisement.

11      The purpose of today's hearing is for the Court to

12  deliver a bench opinion and its ruling on that matter.  And

13  then when I'm finished with that, we will talk briefly about

14  scheduling related matters in this adversary proceeding which

15  proceeding will continue beyond today no matter what my ruling

16  is on the issue before us today on punitive damages.

17      First -- initially though, I want to note that the Court

18  has subject matter jurisdiction in this case under 28 U.S.

19  Code, Section 1334(b) and 28 U.S. Code, Section 157.  And the

20  United States District Court's local Rule 83.50 regarding

21  matters referred to Bankruptcy Judges by the District Court in

22  this district.

23      This is a core proceeding under 28 U.S. Code, Section

24  157(b)(2), including among other possible provisions,

25  157(b)(2)(A) and (O).  The -- on the subject of subject matter

1  jurisdiction and core proceedings, I do want to note -- make

2  some further findings and note a couple of further things.

3      Under Section 1334(b) and 157(a) of 28 U.S. Code, the

4  Bankruptcy Court has jurisdiction over among other things, any

5  or all proceedings arising under Title 11 or arising in or

6  related to a case under Title 11.  And this Court concludes

7  that the present case is one arising under Title 11.

8      As such, it is a core proceeding necessarily under

9  applicable 6th Circuit case law.  And I would note on that

10 subject, that as I described in some length in citing

11 applicable 6th Circuit case law in a previous written opinion

12 of mine in another case, In Re: Bliss Technologies.  Bliss

13 Technologies v HMI Industries which is reported at 307 BR 598,

14 especially at Pages 602, 603 in the 6th Circuit.  The 6th Circuit

15 has interpreted the phrase arising under Title 11 in Section

16 157(a) and 1334(b) of Title 28 -- 28 to be -- to describe

17 those proceedings that involve a cause of action created or

18 determined by a statutory provision in Title 11.  In my view

19 that applies here.

20     The 6th Circuit further has held that cases arising under

21 Title 11 are core proceedings.  So for that additional reason

22 this is a core proceeding.

23     I would cite further a 6th Circuit decision in a more

24 recent case in National Century Financial Enterprises, Inc.

25 In the case Amadeus, Inc. v National Century Financial

1 | _Enterprises, Inc._ reported at 423 F 3d 567 at Pages 573 to

2 | 574, a 6ᵗʰ Circuit decision from 2005 in which the 6ᵗʰ Circuit

3 | noted as I have indicated they noted in earlier cases, that

4 | cases arising under Title 11 are core proceedings.

5 | The Court further noted in the _National Century Financial_

6 | _Enterprises_ case, that a proceeding to enforce the automatic

7 | stay is a core proceeding. And is a core proceeding and does

8 | arise under Title 11.

9 | So that concludes what I had to say about subject matter

10 | jurisdiction. I thought it was important to go in a little

11 | further detail on this subject in this bench opinion because

12 | of the nature of some of the issues raised regarding punitive

13 | damages.

14 | In the event there is a transcript made of this bench

15 | opinion, the Court reserves the right to review and revise

16 | that transcript to correct any typographical errors. I want

17 | to begin by reminding all of the standards governing the

18 | motion for judgment on the pleadings which I think need to be

19 | remembered as we -- as the Court considers and goes through a

20 | discussion of the punitive damages issue.

21 | The case -- the posture of the case that brings us here

22 | today is the Court's ruling on a final issue that was not yet

23 | ruled on in the -- as part of the defendants' motion for

24 | judgment on the pleadings. The argument in the motion for

25 | judgment on the pleadings is essentially the same argument

1  made under a motion brought under rule -- Federal Civil Rule
2  12(b)(6), for failure to state a claim upon which relief will
3  be granted and its standard is essentially the same.

4    That motion -- in considering such a motion, the Court
5  must accept all well pleaded factual allegations of the
6  complaint is true and the Court must construe the complaint in
7  the light most favorable to -- to the plaintiffs, among other
8  -- many other cases holding that, is the case of <u>Benzon</u>,
9  B-e-n-z-o-n, <u>v Morgan Stanley Distributors</u>, 420 F 3d 598 at
10 Page 605.  That's a decision of the 6ᵗʰ Circuit in 2005.

11   Further, the Court must deny a motion for judgment on the
12 pleadings that is based on a Rule 12(b)(6) failure to state a
13 claim argument unless it appears beyond doubt that the
14 plaintiffs can prove no set of facts in support of their claim
15 which would entitle them to relief.  That of course is the
16 famous longstanding historical statement that is still good
17 law today from the Supreme Court in the <u>Conway v Gibson</u> case,
18 351 US 41 at Page 48 from 1957.

19   So turning then to the merits of the punitive damage --
20 damages issues here, in opposing the defendants' motion on
21 this issue -- or the issue of punitive damages, the plaintiffs
22 have argued that the Bankruptcy Court has authority to assess
23 punitive damages against the defendants for violating the
24 automatic stay based upon essentially three sources.  One,
25 Section 105(a) of the Bankruptcy Code and specifically in

1   105(a), the first sentence of Section 105(a) which says, "that

2   the Court may issue any order, process or judgment that is

3   necessary or appropriate to carry out the provisions of this

4   title".

5       Second, and it may be somewhat related to 105(a), is the

6   -- is the plaintiffs argue that the "Bankruptcy Court has

7   inherent and statutory contempt powers and that a violation of

8   the automatic stay is a contempt that may be remedied under

9   the Court's contempt powers, at least the Court's civil

10  contempt powers".  There is of course a dispute and

11  substantial question whether Bankruptcy Courts have

12  jurisdiction or authority to conduct criminal contempt

13  proceedings.

14      Third, the plaintiffs have argued that the Court has

15  authority to grant punitive damages for a stay violation under

16  the last sentence of Section 105(a) of the Bankruptcy Code

17  which states in relevant part that -- or indicates rather

18  that, "the Court may take any action necessary or appropriate

19  to prevent an abuse of process".  And I'm reading only from a

20  portion of that last sentence, the portion that's relevant to

21  the argument.

22      Now, of course I have to note here that the Court

23  previously ruled in this case on this motion that Section

24  362(h) of the Bankruptcy Code and its provision for punitive

25  damages is not applicable in this case because it does not

1  apply to a -- an entity as opposed to a human being injured by

2  a violation of the automatic stay.  And so 362(h) has been

3  taken out of play essentially on this issue of punitive

4  damages by that prior ruling.

5      The -- and on -- and let me pause to note here that the

6  Bankruptcy Code provisions that I am citing in this bench

7  opinion, including 362(h) are citations to the Bankruptcy Code

8  as it existed prior to the effective date or dates of the 2005

9  amendments to the Bankruptcy Code.  Currently what -- what

10 used to be 362(h) is now Section 362(k)(1).  So I'm going to

11 refer to it just to be clear on this when I refer to -- to it,

12 I'm going to refer to the Section 362(h).

13     With respect to the argument, the first argument or -- by

14 the plaintiffs that the Court has authority under its inherent

15 and statutory contempt powers to award punitive damages for a

16 violation of the automatic stay.  My conclusion is that --

17 that the Court's inherent and statutory contempt powers do not

18 apply when the allegation is that there was a violation of the

19 automatic stay as opposed to a violation of an order of the

20 Court.

21     An order -- violation of a Court order in my view is

22 required for contempt.  A violation of law which is the

23 argument here, that is a violation of the automatic stay that

24 arises automatically and not by any Court order under Section

25 362 of the Code, is not a violation that can give rise to a

1 finding of contempt, civil or criminal.

2 The -- so while the Court -- a bankruptcy Court may have

3 civil contempt powers under Section 105(a) for example, that

4 is for violation or an order or conduct that occurs in the

5 presence of the Court that is contumacious and not for

6 violation of the automatic stay under Section 362. As an

7 example of authority that supports this ruling, I would cite

8 the unpublished case of a decision of the 6ᵗʰ Circuit in the

9 Calvin case which was cited by defendants in their brief, one

10 or more of their briefs. It's In Re: Calvin Published, Inc.,

11 John Calvin v Avon Printing Company, Inc., unreported decision

12 that is found at 72 F 3d 129, 1995, Westlaw 734481, decision

13 of the 6ᵗʰ Circuit, U.S. Court of Appeals from 1995.

14 And I'm referring specifically to the discussion in that

15 case at Westlaw Page 3 in which the 6ᵗʰ Circuit indicates that

16 a violation of law does not give rise to sanctions for

17 contempt. There must be a willful violation of a clear

18 judicial command and that means an order. And so in my view

19 that case among others supports the Court's view on the

20 contempt issue.

21 Now, I -- I do note that Calvin is an unpublished

22 decision. And there has been -- the plaintiffs have argued

23 that that portion and others in Calvin, the 6ᵗʰ Circuit's

24 discussion is dicta only and I'll talk about -- I'll get to

25 that issue in just a moment when I talk about Calvin on

1  another issue.

2      So, the -- the civil or statutory inherent contempt power

3  is not a basis in my view for awarding punitive damages for a

4  violation of the automatic stay as opposed to violation of an

5  order.

6      Then I want to turn to the next argument which is the

7  argument plaintiffs make that the Court may award punitive

8  damages for violation of the automatic stay under -- under the

9  first sentence of Section 105(a) as necessary or appropriate

10 to carry out the provisions of this title, meaning the

11 Bankruptcy Code.

12     On that subject I want to return to the <u>Calvin</u> case which

13 is one of the primary authorities the defendants cite as -- in

14 arguing against plaintiffs' position here.  The <u>Calvin</u> case in

15 what appears -- does appear to be dicta and as part of a

16 lengthy discussion that appears to amount to dicta, the 6th

17 Circuit arguably at least stated that -- that Section 105(a)

18 of the Bankruptcy Code, specifically the first sentence here,

19 is what I'm referring to, must be read very narrowly and in a

20 way that would preclude the use of Section 105(a) to grant any

21 remedy not expressly contained in the Bankruptcy Code

22 elsewhere for a violation of the automatic stay.

23     Now <u>Calvin</u> itself was a case involving a violation of

24 Section 363's -- 363 of the Bankruptcy Code and its provisions

25 regarding the use of cash collateral.  And the issue of

1  monetary sanctions and whether those could be awarded against

2  principles or officers of a -- of a bankruptcy debtor company

3  for causing a use of cash collateral that violated the

4  statutory provisions of Section 363.

5      In Calvin in discussing Section 105(a) in this context,

6  the 6ᵗʰ Circuit noted the following.  They noted the

7  plaintiff's -- I'm sorry, the moving party's seeking the

8  sanctions argument that Section 105 allows a Bankruptcy Court

9  to issue whatever orders are necessary to help creditors left

10  holding an empty bag at liquidation after a -- cash collateral

11  has been used improperly under Section 363.

12      A -- and then the 6ᵗʰ Circuit after noting that argument

13  by the plaintiff, went on to -- to say the following.  "But we

14  do not read Section 105 as conferring on Courts such broad

15  remedial powers.  The 'provisions' of this title simply denote

16  a set of remedies fixed by Congress.  A Court cannot legislate

17  to add to them.

18      For the sake of argument we can grant that 11 USC Section

19  105 gives Bankruptcy Courts contempt powers.  If a statutory

20  provision says that a Court may 'order the debtor to pay',

21  then the power to punish a violation of the order is necessary

22  and appropriate to 'carry out' that provision.

23      The Court went on to say that Section 363 merely says,

24  'spending cash is illegal'.  There is no specific

25  authorization for the Court to take action".

1    The -- that's a quotation of passages from <u>Calvin</u> that I

2   just read on this subject of 105(a).  Arguably this passage

3   from <u>Calvin</u>, this reasoning in <u>Calvin</u>, could logically mean

4   that in the context of violations of the automatic stay, only

5   Section 362(h) may be used to remedy violations of the

6   automatic stay.  That is the only Code provision that

7   expressly provides a remedy for a stay violation and by

8   extension then their reasoning would be Section 105(a) may not

9   -- does not authorize any remedy for violation of the

10   automatic stay.

11    The -- there are problems pointed out and argued with

12   using <u>Calvin</u> for this proposition or for really any

13   proposition having to do with Section 105(a).  And that is

14   first, the argument by the plaintiffs that what the 6th Circuit

15   said in <u>Calvin</u> is dicta, the actual decision in the case

16   remanded the case to the District Court for further

17   proceedings on the issue of whether sanctions could be awarded

18   for a stay -- or the Section 363 violation in that case.

19    And reversed only on a different ground.  And that is

20   that -- reversed on -- based on due process, lack of notice

21   type grounds, the sanctions that have been issued in that

22   case.  Secondly, <u>Calvin</u> is an unpublished decision as -- as I

23   have -- as I noted earlier.

24    On that latter point, I note that Rule 28(g) of the 6th

25   Circuit's rules, addresses the subject of unreported or

1 | unpublished decisions.  And it says that citations of

2 | unpublished decisions in briefs and oral arguments in this

3 | Court and in the District Courts within this circuit is

4 | disfavored, except for the purpose of establishing res

5 | judicata, estoppel, or the law of the case.

6 | If a party believes nevertheless that an unpublished

7 | disposition has precedential value in relation to a material

8 | issue in a case and if there is no published opinion, that it

9 | would serve as well, such decision may be cited if that party

10 | serves a copy of the decision on the other parties.

11 | The cases dealing with the issue of unpublished decisions

12 | by the 6ᵗʰ Circuit have read that rule of the 6ᵗʰ Circuit for the

13 | proposition that an unpublished decision of the 6ᵗʰ Circuit is

14 | persuasive authority and in fact can have precedential value

15 | in relation to a material issue in a case if there is no

16 | published opinion that would serve as well with regard to the

17 | issue at hand.  Among other cases is my own decision in the

18 | Bliss v HMI case that I cited earlier 307 BR at Page 605,

19 | Footnote 8 which in turn cited a decision by another Judge of

20 | this Court, In Re: Braddy, B-r-a-d-d-y, 195 BR 365 at Pages

21 | 370 to 71, a decision from 1996.

22 | The -- further complicating the use of the question of

23 | the value, the precedential value and weight that may be given

24 | to these pronouncements in the Calvin case is the citation

25 | with approval of the Calvin case in a later reported or

1  published decision of the 6th Circuit in another case cited by

2  the defendants.  Which is the case of _Pertuso_, P-e-r-t-u-s-o v

3  _Ford Motor Credit Company_, reported at 233 F 3d 417, a

4  decision of the 6th Circuit from 2000.

5      In _Pertuso_ the 6th Circuit arguably cited the _Calvin_ case

6  with approval of its narrow reading of Section 105(a) and the

7  specific reasoning in _Calvin_ that I quoted earlier, 233 F 3d

8  at Page 423 and 423 Note 1 in _Pertuso_ contains the following

9  passages.

10     It describes -- it notes the -- the _Calvin_ case and

11 describes the _Calvin_ case as holding that Section 105 could

12 not be invoked to remedy breaches of Section 363.  And it

13 quoted with apparent approval from _Calvin_ the following.  "We

14 do not read Section 105 as conferring on Courts such broad

15 remedial power.  The provisions of this title simply denote a

16 series -- a set of remedies fixed by Congress.  A Court cannot

17 legislate to add to them".

18     And then after quoting that passage from _Calvin_, the 6th

19 Circuit in _Pertuso_ said, "this remains our view".  In a

20 footnote then the 6th Circuit in _Pertuso_ said, "that Section

21 105 does not authorize the Bankruptcy Courts to create

22 substantive rights that are otherwise unavailable under

23 applicable law".

24     So according to _Pertuso_ at least, _Calvin_ held that Courts

25 -- Bankruptcy Courts cannot invoke Section 105 to remedy

1    breaches of Section 363.  In Pertuso the 6ᵗʰ Circuit held that

2    Courts, Bankruptcy Courts cannot invoke Section 105 to remedy

3    violations of Section 524's provisions regarding reaffirmation

4    agreements.

5        So we have this backdrop of this -- of the Calvin case

6    and the Pertuso case neither of which of course dealt

7    specifically with the extent to which Section 105(a) may be

8    used to award relief, monetary or otherwise, for violations of

9    the automatic stay.  That is relief that is not specifically

10   authorized already in Section 362(h) of the Bankruptcy Code or

11   elsewhere expressly authorized in the Bankruptcy Code.

12       We do have, however, other decisions of the 6ᵗʰ Circuit,

13   including at least one that is more recent than both Calvin

14   and Pertuso, decisions from 1995 and 2000 respectively which

15   made clear that Bankruptcy Courts may grant remedies for

16   violations of the automatic stay that based on Section 105

17   that are not expressly found in Section 362(h) or anywhere

18   expressly provided in the Bankruptcy Code.

19       Two examples that I would point out, first is the

20   National Century Finance case - Financial Enterprises case

21   that I -- I cited earlier in connection with jurisdiction.

22   Again, that's 423 F 3d 567, a decision of the 6ᵗʰ Circuit from

23   2005.

24       In that case, the 6ᵗʰ Circuit held that Section 105(a) can

25   be used to enforce the Bankruptcy Code's automatic stay.  That

1 case like this one involved a corporate bankruptcy debtor that

2 was seeking relief for a claimed violation of the automatic

3 stay. So Section 362(h), at least under my view of that

4 section and its -- its application to individuals only did not

5 apply. And in fact Section 362(h) was not cited as authority

6 or used by the 6th Circuit in the National Century case.

7 At Page 574 of the 6th Circuit's opinion in the National

8 Century case, the Court held as I have described it a moment

9 ago, the -- in that case the Bankruptcy Court order being

10 reviewed, ordered a non-debtor party to cease and desist from

11 prosecuting a specific pending lawsuit in another jurisdiction

12 because it was a violation of the automatic stay. So the

13 Bankruptcy Court's order under review was in the nature of an

14 injunction. The 6th Circuit affirmed that order based upon,

15 and the District Court's order affirming it, based upon

16 Section 105(a) of the Bankruptcy Code.

17 So that case, while it did not deal specifically with

18 monetary sanctions under Section 105(a) for a violation of the

19 automatic stay, it did -- it does clearly stand for the

20 proposition that Court's may use Section 105(a) to -- to

21 fashion remedies -- or a remedy for violation of the automatic

22 stay which remedy is not expressly authorized anywhere else in

23 the Bankruptcy Code, 362(h) or otherwise.

24 A second example of this that I want to cite is the 6th

25 Circuit's decision in Easley v Pettibone Michigan Corporation

1  which is reported at 990 F 2d 905, a decision of the 6th

2  Circuit in 1993 which is rather a well known decision in

3  Bankruptcy Courts in this circuit. And that case held that as

4  a general rule that certainly equitable exceptions, that as a

5  general rule actions taken in violation of the automatic stay

6  are to be voided by the Bankruptcy Court.

7      And there is of course no provision in Section 362 or

8  elsewhere in the Code that expressly grants authority to void

9  such actions that are undertaken in violation of the

10  Bankruptcy Code. That authority must therefore come from

11  Section 105(a). The specific pages of the 6th Circuit's

12  decision in Easley are 990 F 2d at Pages 911 and 912.

13      Now again that did not involve and stand for the

14  proposition, specific proposition that monetary relief can be

15  awarded under Section 105(a), let alone punitive damages. The

16  6th Circuit has not specifically decided whether punitive

17  damages may be awarded under Section 105(a) for a stay

18  violation. To my knowledge the parties have not cited any 6th

19  Circuit cases on that point.

20      So it -- my conclusion is, that notwithstanding Calvin

21  and Pertuso cases that I discussed above, it is not the law of

22  the 6th Circuit that Bankruptcy Courts may not order necessary

23  or appropriate remedies under Section 105(a) for a violation

24  of the automatic stay, simply because such remedies are not

25  expressly provided in Section 362(h) or elsewhere in the

1   Bankruptcy Code. Rather the 6ᵗʰ Circuit law is to the

2   contrary. That is the Bankruptcy Courts may order necessary

3   or appropriate remedies under Section 105(a) for a violation

4   of the automatic stay, remedies that are not expressly

5   provided in the Bankruptcy Code elsewhere.

6      There are several other issues to consider, however, with

7   respect to the issue of punitive damages. And the next one

8   that I want to discuss has to do with the distinction between

9   civil contempt and criminal contempt and remedies available

10   for each.

11      The -- the Court notes that some cases, including cases

12   from Courts of Appeal from other circuits, refer to the power

13   to grant remedies under Section 105(a) for a violation of the

14   automatic stay as part of the Bankruptcy Court's contempt

15   powers. Or they refer to Section 105(a) as granting statutory

16   contempt powers.

17      Examples of that are in a couple of cases cited by the

18   plaintiffs. The first is in the wonderfully named case In Re:

19   Spooky World, Inc., 346 F 3d Page 1 at Page 8, a decision of

20   the 1ˢᵗ Circuit, U.S. Court of Appeals in 2003. And also the

21   case from the 5ᵗʰ Circuit of In Re: Jobe, J-o-b-e, Engineering,

22   Inc., 92 F 3d 1539 at Page 1552. That's a decision from the

23   5ᵗʰ Circuit of 1996.

24      And -- and further there is some authority in the case

25   law that Bankruptcy Courts have civil contempt powers, but not

1 | criminal contempt powers. An example of that is the case of

2 | In Re: Hipp, H-I-p-p, 895 F 3d 150, a decision of the 5th

3 | Circuit from 1990.

4 | The reason all of this may have some bearing on the

5 | punitive damages issue is, there is clear 6th Circuit case

6 | authority on civil -- on the issues of -- generally of civil

7 | and criminal contempt that holds that for civil contempt

8 | remedies are limited to -- in terms of monetary remedies, are

9 | limited to two types really.

10 | First, compensation for the damage or loss caused by the

11 | contempt. And secondly, monetary sanctions designed to coerce

12 | compliance with a Court's order. Monetary sanctions for civil

13 | contempt, according to the 6th Circuit case law may not be

14 | punitive such as a fine that is unrelated to coercing action

15 | by the person held in contempt.

16 | Among the 6th Circuit cases that hold -- that take this

17 | view of the civil contempt monetary remedy power, is the case

18 | of Downey, D-o-w-n-e-y v Clauder, C-l-a-u-d-e-r which is

19 | reported at 30 F 3d 681 at Page 685, a decision of the 6th

20 | Circuit from 1994.

21 | Now from all of this, I think, it's -- an argument can

22 | certainly be made that Bankruptcy Courts have no authority

23 | under Section 105 to award punitive damages for a violation of

24 | the automatic stay because that is a remedy available only for

25 | criminal contempt and Bankruptcy Courts have no jurisdiction

 1  or authority to conduct criminal contempt proceedings or to

 2  grant criminal contempt remedies.  That argument of course is

 3  based on the assumption that what a Bankruptcy Court is doing

 4  when it seeks to remedy a violation of the automatic stay

 5  under Section 105(a), is exercise its contempt powers.

 6      In my view, however, contempt is not the proper framework

 7  in which to view a request under Section 105(a) for punitive

 8  damages for a violation of the automatic stay.  As I discussed

 9  earlier in my opinion here, it is not a matter of contempt,

10  civil or criminal when the automatic stay was violated.

11  Strictly speaking it is -- because it is not a violation of a

12  Court order.

13      Now I cited earlier when I talked about that, the Calvin

14  case of supporting that view, the unreported 6th Circuit

15  decision.  For the -- the -- for that proposition at least, in

16  my view it is appropriate to rely on Calvin and I do rely on

17  it and I find it persuasive and I find it to have precedential

18  value, notwithstanding the 6th Circuit Rule 28(g) because on

19  this point there is -- it has precedential value and there's

20  no published opinion of the 6th Circuit, at least that I'm

21  aware of that served as well on this point.

22      I also am mindful that arguably the passage in Calvin

23  that -- on which I have relied for this concept that you need

24  a violation of a Court order, and not merely violation of the

25  statute to give rise to contempt, that that is arguably dicta,

1  nonetheless I find it persuasive and I agree with it and I am

2  following it.

3      I note further on this subject, this general subject,

4  that in my view the provision by Congress in Section 362(h)

5  that gives Bankruptcy Courts expressed authority under

6  appropriate circumstances to award punitive damages for a

7  violation, a willful violation of the automatic stay that

8  injures an individual, although that provision is not

9  applicable to this case as I've already ruled, that provision

10  in my view clearly demonstrates that Bankruptcy Courts have

11  authority and jurisdiction to award punitive damages for

12  violation of the automatic stay, at least where an individual

13  is injured by a willful stay violation.

14      Now that in turn demonstrates in my view, that there is

15  nothing about the Bankruptcy Courts -- the nature of a

16  Bankruptcy Court or the Bankruptcy Court's jurisdiction or

17  general powers as a Court or limits on its jurisdiction or

18  powers that precludes a Bankruptcy Court from awarding

19  punitive damages for a violation of the automatic stay.  That

20  leaves then a couple of further questions that I want to

21  discuss next.

22      The first of which is whether the existence of Section

23  362(h)'s express remedy of punitive damages implies that

24  Bankruptcy Courts may never award punitive damages for stay

25  violations involving injury to debtors other than individuals

1  under Section 105(a).  My conclusion is that it -- Section

2  362(h) does not imply that and does not indicate any

3  congressional intent to that effect.

4      First, I note that Section 362(h) and the monetary relief

5  that it provides for a -- to an individual injured by a

6  willful violation of the automatic stay, that that monetary

7  relief is mandatory, it is not discretionary.  The statute is

8  worded in terms of the individual injured by a willful

9  violation of the stay, of the automatic stay, shall recover

10  actual damages, including costs and attorney fees and in

11  appropriate circumstances may recover punitive damages.

12      So at least to the extent of actual damages in that

13  monetary relief from stay violation, the statute is mandatory.

14  The Section 105(a) relief in this area, monetary relief from

15  stay violation, is entirely discretionary as the first

16  sentence of Section 105 indicates when it says the Court may

17  issue any order et cetera that is necessary or appropriate to

18  carry out the provisions of the -- the Code.

19      Section 362(h) as some cases have noted, was added to the

20  Bankruptcy Code in 1984.  It was intended to aid primarily

21  individual consumers and in that intent was not intended to

22  take away the discretionary power of Bankruptcy Courts that

23  they -- that they had previously exercised under Section

24  105(a) to award damages and other appropriate relief for a

25  violation of the automatic stay.  And at least one case that

 1 stands for the proposition that I've just stated, which I

 2 agree with in this regard, is the <u>Spooky World</u> case that I

 3 cited earlier from the 1ˢᵗ Circuit.

 4     The -- I note further on this point that to accept the

 5 argument that Section 362(h) and its expressed provision of

 6 monetary relief for a stay violation as to individuals, that

 7 that impliedly precludes or takes away any authority the

 8 Bankruptcy Court might otherwise have under Section 105(a) to

 9 award monetary relief to a non-individual injured by a stay

10 violation.  To accept that argument, would lead logically to

11 the conclusion that Bankruptcy Courts may not award any

12 monetary relief for any automatic stay violation in the case

13 of entities injured, the debtor entities injured by stay

14 violations.

15     For example even in a case of a corporate debtor or

16 debtor in possession, anyone could commit even flagrant

17 outrageous deliberate violations of the automatic stay which

18 caused the debtor or the debtor in possession significant

19 damage and loss and the Bankruptcy Court could do nothing to

20 remedy that loss.  In my view that cannot have been -- to

21 allow that state of affairs cannot have been the intent of

22 Congress when it added Section 362(h) in favor of individual

23 debtors to the Bankruptcy Code in 1984.

24     So from -- from all of that I -- I conclude that Section

25 362(h)'s provision of -- expressed provision for monetary

1  relief for a stay violation in the case of individuals does

2  not impliedly or otherwise take away Bankruptcy Court's power

3  under Section 105(a) to issue necessary or appropriate orders,

4  including monetary remedies to enforce the automatic stay.

5  The next question then becomes, and remembering now the

6  procedural posture that we are in at the present in this case,

7  that is we have before us a motion for judgment on the

8  pleadings. The next question then is whether the Bankruptcy

9  Court's necessary or appropriate power under Section 105(a) is

10  such that the Bankruptcy Court can never under that power

11  authorize punitive damages for an automatic stay violation.

12  Put another way an -- is it -- is it so that the plaintiffs in

13  this case beyond doubt can prove no set of facts in support of

14  their claim for punitive damages under Section 105(a).

15  And so in considering that question, I note as I think I

16  have already noted, that there is 6th Circuit or obviously

17  Supreme Court case law on the specific question before us

18  whether Bankruptcy Courts can ever award punitive damages as a

19  remedy for a violation of the automatic stay under Section

20  105(a), and if so under what conditions or what standards,

21  what requirements must be met in order for that type of relief

22  to be appropriate under 105(a), or at least discretion --

23  within the Court's discretion under 105(a).

24  In considering that question, I am bearing in my mind the

25  6th Circuit has indicated it is -- it has indicated in fact in

1 several cases, including <u>Calvin</u> and <u>Pertuso</u>, a view of Section

2 105(a) that that section generally is not to be given a broad

3 reading, certainly as broad as some other circuits have given

4 it, but on the other hand the <u>National Century Financial</u> case

5 that I have cited clearly indicates that in the 6th Circuit in

6 2005 clearly indicated that Section 105(a) may be used to

7 enforce the automatic stay.  In that case it was enforced

8 through an injunction.  But there's nothing in that decision

9 of the 6th Circuit that indicates that that enforcement power

10 under 105(a) of the automatic stay is limited to injunctive

11 relief.

12        I conclude that there are two requirements that must be

13 met before this Court has discretion under Section 105(a) to

14 award punitive damages for a violation of the automatic stay.

15 And if those requirements are met, the Court does have

16 discretion under Section 105(a) to award appropriate punitive

17 damages.

18        First, in my view it's -- it's clear that -- that there

19 has to be a willful violation of the automatic stay.  Willful

20 is the standard required for any monetary relief under Section

21 362(h) and given what willful has been interpreted to mean, I

22 think it's -- it's certainly appropriate.

23        I note that some form of willfulness as I'm going to

24 define it in a moment, is traditionally required in contempt

25 proceedings, civil and criminal.  That is without a willful

1 violation of the Court order, generally Courts refuse to hold

2 parties in contempt. A willful stay violation occurs under

3 the case law that interprets Section 362(h) and which I think

4 applies equally well in this context.

5 When the party who violated the automatic stay by their

6 action knew of the bankruptcy filing, and then took some

7 action or failed to take some action, that was a violation of

8 the automatic stay. The -- so when the creditor knew of the

9 bankruptcy case or knew of the stay and they violated the stay

10 by some intentional conduct, for example, that is a willful

11 stay violation.

12 There is no requirement for a willful stay violation that

13 the actor knew that the act would violate the automatic stay

14 or had a specific intent to violate the automatic stay.

15 Numerous cases support this concept in the context of

16 interpreting what willful means in Section 362(h). Among the

17 cases are In Re: Johnson, 253 BR 857 at Page 861, a decision

18 of the Bankruptcy Court from the Southern District of Ohio in

19 2000. In Re: Sharon, 234 BR 676 at 687 to 688, a decision of

20 the 6" Circuit Bankruptcy Appellate Panel from 1999. And In

21 Re: Banks, 253 BR 25 at Page 29, a decision from this

22 district's Bankruptcy Court from 2000.

23 Second requirement, in my view that must be met in order

24 for the Court to have discretion to award punitive damages for

25 a stay violation, automatic stay violation under Section

1 | 105(a) is, the Court must find that punitive damages, and in

2 | fact a specific amount of any punitive damages awarded is

3 | necessary to deter and thereby prevent the defendants -- the

4 | defendant from continuing to violate the automatic stay in the

5 | future, or from violating of the automatic stay again in the

6 | future.

7 | In other words that the other remedies available under

8 | Section 105(a) for a stay violation are insufficient without a

9 | remedy of punitive damages to deter and thereby prevent future

10 | or continuing violations of the automatic stay.  Those other

11 | remedies available to the Court in its discretion to remedy a

12 | violation of the automatic stay under Section 105(a) include

13 | an award of compensatory damages.  That is damages that

14 | compensate the debtor in the case of a debtor injured by a

15 | stay violation for its actual damages and loss including

16 | reasonable attorney fees incurred because of the stay

17 | violation.

18 | And of course there is the prospect when an actor is

19 | considering whether to take certain conduct that would violate

20 | the automatic stay, the prospect that if the Court does

21 | determine that the action is a violation of the stay, that the

22 | actor will be subject to being held liable for such

23 | compensatory damages for that violation.

24 | Other relief available to the Bankruptcy Court under

25 | Section 105(a) to remedy an automatic stay violation or to

1  otherwise enforce the automatic stay, is of course injunctive

2  relief as recognized by the 6th Circuit in the <u>National Century</u>

3  <u>Financial</u> case. And so in my view it is only when the Court

4  concludes that those other remedies, either in any of which

5  alone or together in combination would not suffice to prevent

6  -- deter and thereby prevent any further stay violations by

7  the respondent or the defendant at issue, does the Court have

8  discretion under Section 105(a) to award punitive damages for

9  a stay -- an automatic stay violation as -- as a remedy that

10  is necessary or appropriate to carry out the provisions of

11  this title. And that -- and that of course means necessary or

12  appropriate to enforce the automatic stay and to prevent

13  future violations of the automatic stay by the person in

14  question.

15      This generally of course is -- requires a case by case

16  inquiry of the facts and circumstances of each case. And

17  given this standard in my view, it is not necessary to impose

18  other requirements that would have to be met before punitive

19  damages are -- are in the Court's discretion here such as a

20  requirement of malice, or egregious conduct, or specific

21  intent to violate the automatic stay. Those might be factors

22  that the party can argue are relevant to the larger question

23  that I've outlined as the -- the key question other than

24  willfulness here.

25      But it seems to me the -- the standard I have described

1 | properly focuses on the wording of the plain meaning and the

2 | proper scope and purpose of the first sentence of Section

3 | 105(a) of the Bankruptcy Code and the authority and powers

4 | that that gives the Bankruptcy Court.

5 | Then the question becomes whether under the standards

6 | that I have described, whether judgment on the pleadings is

7 | appropriate with respect to the plaintiffs' claim for punitive

8 | damages in this case.  In my view the answer to that question

9 | is no.

10 | The -- Count 3 of the complaint in this case alleges at

11 | Paragraph 61, that the defendants' stay violation was willful

12 | and also alleges that it warrants the imposition of actual and

13 | punitive damages.  Now that is vague and obviously it does not

14 | specifically address the standard that I have announced today

15 | other than willfulness and if the plaintiffs wish to seek

16 | leave to amend their complaint to more specifically address

17 | the standards I have described today, they can certainly seek

18 | either a consent of the other side, or file a motion for leave

19 | to do so.  But the complaint as currently pled in my view is

20 | such that judgment on the pleadings under this standard is not

21 | appropriate.  The Court cannot conclude beyond doubt that the

22 | plaintiffs can prove no set of facts in support of their claim

23 | that would entitle them to relief in the form of punitive

24 | damages for the automatic stay violation.

25 | That of course is a conclusion that is made in a

1 | procedural context where the Court must construe the complaint
2 | in the light most favorable to the plaintiffs and really says
3 | nothing about the likelihood of this Court's ultimate decision
4 | in favor of or against the plaintiffs' argument that the Court
5 | has discretion under Section 105(a) to award punitive damages
6 | and should exercise that discretion in favor of doing so.

7 | So the motion for judgment on the pleadings with respect
8 | to the punitive damage -- damages issue is denied. And I'll
9 | ask the plaintiffs to prepare an order that says -- that
10 | reflects the ruling and simply says for the reasons stated by
11 | the Court in the -- the bench opinion on the record today, the
12 | motion for judgment on the pleadings with respect to the claim
13 | of punitive damages in Count 3 of the complaint is denied.

14 | I'll ask you to have -- Mr. Roberts, have opposing
15 | counsel review and approve that order as to form and then
16 | submit that order electronically as soon as possible.

17 | MR. ROBERTS: Yes, Your Honor, I'll do that.

18 | THE COURT: All right. Now we're not through. I
19 | want to make one final comment here about the arguments here
20 | on this issue. And that is the -- regarding the other
21 | argument the plaintiffs made that the last sentence of Section
22 | 105(a) also gives the Court authority and discretion to award
23 | punitive damages for a violation of the automatic stay here.

24 | In my view it's not necessary for the Court to reach that
25 | argument among other reasons because the first sentence of

1  Section 105(a) as I interpreted it, excuse me, fully covers

2  and anything that the Court could do regarding punitive

3  damages for a stay violation. And so that to the extent the

4  standard I described today is met, then the first sentence of

5  105(a) gives the Court discretion to award punitive damages.

6  To the extent the standard is not met, the Court would not

7  have discretion or authority to award punitive damages under

8  the second sentence of Section 105(a) either by the nature of

9  the standard that I have -- standards that I have described.

10  So, that's the ruling on the punitive damages issue in

11  this procedural context at least. That leaves us with an

12  adversary proceeding that remains pending with respect to

13  damages, both actual and punitive under Count 3 of the

14  complaint as I recall.

15  And we had some discussion about where we go from here at

16  the November 15 hearing, but didn't really reach much in the

17  way of conclusions. Today is also the day for the -- as a

18  control date to the adjourned final pre-trial conference and

19  trial date in this case. So we need to talk briefly about

20  where we go from here in this case.

21  Now let me preface my questions by saying that if the

22  parties, if either side does not feel prepared or think it's

23  appropriate to talk about this -- scheduling issues today and

24  that it's better -- it would be better to do it at some

25  scheduling conference to be set in the very near future,

1   please feel free to tell me that because that's another thing

2   we might be able to do here.

3       It seems to me questions to be answered include first

4   whether either side wants leave to conduct discovery.

5   Apparently the discovery period closed quite some time ago

6   under the Court's original scheduling order. And secondly --

7   and if so, what discovery and how long will that take.

8       The second question that I raised and really haven't

9   reached any conclusion on yet, is whether the parties in light

10  of where we are in the case at present are interested in

11  mediation. And then I think we need to talk about some dates

12  and deadlines.

13      Now if -- if the parties think it best to have -- to have

14  a chance to talk to each other and think about this and come

15  back for a scheduling conference in the near future, we can

16  deal with it that way. But those issues that I've just

17  mentioned at least of course in addition to a new date for the

18  final pre-trial conference and the trial are -- are issues

19  that we need to deal with. So what is the plaintiffs'

20  pleasure on that?

21          MR. ROBERTS: Your Honor, I think it -- it might be

22  appropriate, but I think it's a good suggestion, to digest

23  Your Honor's ruling and perhaps defer on the scheduling issues

24  and the issues as to whether or not some more discovery should

25  be appropriate, or an amendment of the complaint is

1  appropriate.  And continue a scheduling, perhaps to coincide

2  with a -- a final pre-trial conference and also the -- the

3  entry of a final pre-trial order.

4       THE COURT:  Well --

5       MR. ROBERTS:  That the parties can work on in the

6  meantime.

7       THE COURT:  What about the defense side on this?

8  What do you think on that?

9       MR. DAVIS:  Your Honor, if I may, Mr. Davis.

10      THE COURT:  Yeah.

11      MR. DAVIS:  And I need to preface what I'm about to

12 say because at the very end of your ruling I was having a

13 little hard time hearing precisely what it was you were

14 ruling.  Did I hear the Court rule that the plaintiff has

15 leave to amend its complaint to address the two criteria that

16 you have established are necessary in order to impose the

17 damages.  Because that was -- I was -- for the last bit and

18 then it got a little hard to understand.

19      THE COURT:  Let me -- and let me say it again.  I

20 did not say that.  What I said was, if plaintiffs want to

21 amend for that purpose, they of course can seek consent of the

22 defendants, or failing that they can file a motion for leave

23 to amend.  So getting back to my question.

24      MR. DAVIS:  Getting back then to -- and that helps,

25 thank you.  Getting back then to scheduling issues.  I'd like

1  to see some sort of schedule get set here so that we at least

2  understand the amount of time this case can continue to afford

3  and some understanding of when the key events are.

4      If the Court wants to address the issue of for example

5  whether further discovery is necessary, then perhaps it does

6  make sense to set a future date for a more comprehensive

7  scheduling order to be established.  For example, we don't

8  know -- the plaintiffs obviously haven't had an opportunity to

9  consider whether they want to amend their complaint.  And we

10 obviously haven't had a chance to address with them whether we

11 consent to that or not.

12      THE COURT:  Well, one of the things we can do here

13 is, set a scheduling conference for the near future and then I

14 can have the parties submit a joint report not unlike the Rule

15 26(f) report that the parties are required to submit when we

16 have initial scheduling conferences in these adversary

17 proceedings, but which is limited to addressing, you know, the

18 issues that one side or both thinks need to be addressed.

19      You know, there are many things in the initial scheduling

20 order that perhaps the parties don't need to talk about.  But

21 one of them seems to be whether either side wants further

22 discovery and if so what's the discovery plan and -- and

23 what's the deadline.  And we -- if that's -- if that is -- if

24 that does occur, then of course we need to -- we need to

25 fashion our date for the final pre-trial conference and the

1 | trial based on that.

2 | MR. DAVIS: Your Honor, we could do something like

3 | that.  I will say I'm a little more confused as to why it is

4 | we're even having the discussion though given that we did

5 | that.  And there was a schedule set up by the Court and the

6 | parties I thought until very recently, had lived up to that

7 | schedule.

8 | THE COURT: Well, that may be, but you know, that's

9 | something you can -- you can take up if -- if the other side

10 | wants discovery and you don't think that's appropriate, you

11 | can argue that.  But we really don't have -- the parties don't

12 | have the benefit of having a chance to talk about this in

13 | light of my ruling and to submit a report and to think about

14 | it.  And I think it's fair to give them that.

15 | So let's do this.  I'm going to set this for a scheduling

16 | conference.  We can do this -- hold on -- I could do this at

17 | 11:00 a.m. on Monday the 13th of February.  The parties can

18 | attend by telephone if -- if they wish by making arrangements

19 | with the Court Recorder in advance.

20 | And in that event I would want -- you know, if this is

21 | too soon you guys can tell me this, but I would want to see a

22 | joint report of some sort from the parties no later than the

23 | -- filed no later than the 10th, the Friday before.  I'm sorry

24 | -- no, it has to be the 9th, the Thursday before.  So this is

25 | February 3, so that's -- that's next Thursday.  So is that

 1| doable for the parties?

 2| MR. DAVIS: I'm sorry, Your Honor, I couldn't hear
 3| what we had to do.

 4| THE COURT: You couldn't hear what?

 5| MR. DAVIS: I couldn't hear what it was we were to
 6| submit by the 9th.

 7| THE COURT: A joint report.

 8| MR. DAVIS: Okay.

 9| THE COURT: Addressing any issues that either side
10| wanted to address in -- in terms of the scheduling order. So
11| if either side wants to conduct discovery or both want to,
12| give me a discovery plan and tell me what they want and how
13| long they want.

14| You know, if any party wants an extension of any other
15| deadline that's passed in this case, tell me that and tell me
16| what you want. And if you disagree you can tell me you
17| disagree and we can -- that's, you know, we can talk about it.
18| It's just -- it's to give me -- each other and me a heads up
19| before the conference on what -- where the parties are on
20| these things.

21| MR. DAVIS: Well, it's an excellent suggestion, Your
22| Honor. And I think that that timing -- I can't speak for Mr.
23| Roberts or his firm, I think we certainly can get you
24| something by tonight.

25| THE COURT: Well, this is a joint document, so Mr.

1 Roberts, on your side, any problem putting that together by no

2 later than the 9th?

3          MR. ROBERTS:  No, I think that could be done, Your

4 Honor.

5          THE COURT:  All right.  So that needs to be filed

6 electronically no later than let's say 5:00 p.m. on February

7 9th.  I say that because I'm going to be out of town on Friday

8 of that -- and I want to have this to take with me.

9          MR. ROBERTS:  Okay.

10          THE COURT:  So, get it filed.  Just file it

11 electronically in the case.  And then we can have a conference

12 on the following Monday at 11:00 a.m.  And hopefully decide

13 and effect whatever further dates and deadlines are going to

14 be needed including a date for the final pre-trial conference

15 and the trial.  All right.  Does that make sense to everyone?

16          MR. ROBERTS:  Your Honor, the scheduling conference

17 is February 13th at 11:00?

18          THE COURT: Right.

19          MR. ROBERTS:  Okay.

20          THE COURT:  I have other scheduling conferences

21 earlier that morning, but rather than lump you in with the

22 masses, I'll put you by yourself at 11:00.  Any -- anything

23 else we need to talk about today then on this case?

24          MR. ROBERTS:  I don't think so, Your Honor.

25          MR. DAVIS:  Your Honor, I just want to make sure

1  that my colleagues who are in Court agree with me because

2  obviously I haven't had a chance to speak to them.

3  Particularly concerned, make sure that they think that timing

4  is acceptable.

5          MR. MCKEE:  We would have picked a little bit longer

6  date if it was us.  But it's all right, it's been done.

7          THE COURT:  Mr. McKee is warmly endorsing your

8  agreement to the dates we have set for the status conference.

9  I think we're fine now.

10          MR. DAVIS:  All right.

11          THE COURT:  All right.  Anything else?

12          MR. DAVIS:  Your Honor, I'm also assuming in that

13  joint report we should address your point about mediation.

14          THE COURT:  Yes, please.

15          MR. DAVIS:  Thank you.

16          THE COURT:  That would be helpful.  You know, and

17  that's a question of whether the parties agree, they want to

18  do it.  I'm not going to force the parties to it if one side

19  doesn't want to do it.  All right.  Thank you all.

20          MR. DAVIS:  Thank you, Your Honor.

21          THE CLERK:  All rise.

22          MS. FISH:  Thank you.

23      (Court Adjourned at 12:15 p.m.)

24

25

1

2

3

4

5

6

7   We certify that the foregoing is a correct transcript from the

8   electronic sound recording of the proceedings in the

9   above-entitled matter.

10

11  _Deborah L. Kremlick_                    Dated: _2-17-06_

12  Deborah L. Kremlick, CER-4872
    Shelley J. Grasel, CER-0889

13

14

15

16

17

18

19

20

21

22

23

24

25